WO

FILED ___ LODGED
___ RECEIVED ___ COPY

OCT 2 8 2010

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carmen Garibay,<br><br>    Plaintiff,<br><br>vs.<br><br>John J. Sullivan and Diane Sullivan, husband and wife; and Joseph Sullivan, their minor child, John Does I-X, and Jane Does I-X,<br><br>    Defendants. | No. MISC: 10-110-PHX-LOA<br><br>**ORDER** |

    This matter is before the Court on the sealed motion of Plaintiff Carmen Garibay ("Plaintiff") for an order allowing service of process on Defendant John J. Sullivan ("Sullivan") at the Sandra Day O'Connor United States Courthouse in Phoenix, Arizona. Plaintiff seeks permission to serve Sullivan when he is scheduled to appear before the undersigned Magistrate Judge on Thursday, October 28, 2010 at 1:30 for identity and detention hearings in case number 2:10-mj-03447-LOA subsequent to his arrest in Arizona on felony charges arising out of the Northern District of Illinois.

    Plaintiff argues that Sullivan's history of evading authorities and possible release or in-custody transfer to Illinois support permitting service on Sullivan during the federal proceeding. For the reasons set forth below, the Court will grant Plaintiff's motion upon the condition that service occur immediately after the conclusion of today's court proceeding so as not to interfere, delay or interrupt such proceeding.

## I. Factual Background

Plaintiff seeks to serve Sullivan with the Complaint in the wrongful death action that she filed on October 27, 2010, in the Superior Court of Arizona, Maricopa County. In that Complaint, Plaintiff alleges that on September 16, 2010, her fourteen year-old son, Juan Vergara, was shot and killed by Joseph Sullivan. (*See Carmen Garibay v. John J. Sullivan and Diane Sullivan, husband and wife; and Joseph Sullivan, their minor child; John Does I-X, and Jane Does I-X*, Complaint filed October 27, 2010 in Arizona Superior Court, Maricopa County). Joseph Sullivan is John Sullivan's teenage son. The incident received local media attention.

In the pending motion, Plaintiff contends that the media attention, along with inquiries by the Surprise, Arizona Police Department led Illinois authorities to have Sullivan apprehended in Arizona on criminal charges pending in the United States District Court for the Northern District of Illinois, Eastern Division. Plaintiff further argues that Sullivan appears to have been evading Illinois authorities and hiding assets while in Arizona and that he may be transferred, or released with conditions, to answer to two counts of wire fraud in violation of 18 U.S.C. § 1343. Plaintiff has not provided specific evidence in support of her allegations that Plaintiff has been evading authorities or hiding assets. However, the Pretrial Services Report provided to the undersigned in 2:10-mj-03447-LOA, lends some support for Plaintiff's allegations that Sullivan has been evasive of law enforcement's attempts to arrest him.

## II. Analysis

Arizona Rule of Civil Procedure 4.1(d) provides that service may be made "upon an individual from whom a waiver has not been obtained and filed . . . by delivering a copy of the summons and of the pleading to that individual personally . . . ." Ariz.R.Civ.P. 4.1(d). Plaintiff seeks permission to personally serve Sullivan with process in a civil matter while he is in this Court on an unrelated criminal matter.

The Supreme Court has articulated the principle of process immunity that "witnesses, suitors, and their attorneys, while in attendance in connection with the conduct

of one suit, are immune from service of process in another." *Lamb v. Schmitt*, 285 U.S. 222, 225 (1932); *Stewart v. Ramsay*, 242 U.S. 128, 129 (1916). A review of these opinions, however, reveals that the immunity is granted for the convenience of the court, and not the convenience of the individual seeking such immunity. *Lamb*, 285 U.S. at 226. The purpose of the rule of "immunity is to encourage voluntary appearance to secure the better administration of justice. Thus, if a defendant is willing to enter the jurisdiction and submit to it, the court will encourage him to do so by assuring him that he will not be served with process in any other suit." *Employers Mut. Liability Ins. Co. of Wis. v. Hitchcock*, 158 F.Supp. 783 (D.C.Mo. 1958). However, an individual who comes into court to defend himself against criminal charges "may not avail himself or herself of the immunity from civil process afforded parties and witnesses, in general, since the public policy underlying the exemption is inapplicable." 5 Am.Jur.2d Arrest § 116 (citing *Employers Mut. Liability*, 158 F.Supp. 783 (holding that "a person attending court upon a criminal indictment (absent proven fraud) is not immune from service of process in another suit either related or unrelated to it.")).

In a 2008 decision, the District Court of the Virgin Islands considered a situation similar to the one before this Court. *Jessen v. Wein*, 2008 WL 3914122 (D. Virgin Islands 2008). In *Jessen*, the defendant was detained in the Virgin Islands because of a criminal matter and was required by court order to appear in court. *Id.* at * 2. "In other words, [defendant's] appearance on that day was involuntary." *Id.* During the court proceeding, defendant was served with process in a civil matter. *Id.* In upholding service of process, the court noted that the policies supporting immunity when an individual voluntarily attends a court proceeding, such as encouraging attendance at court proceedings, do not apply when an individual's appearance is involuntary. *Id.*

Similar to *Jessen*, in this case, Sullivan, currently detained and in the custody of the United States Marshal Service, is required to appear in this Court pursuant to the Court's October 20, 2010 Minute Entry, setting the detention and identification hearings for today, October 28, 2010 at 1:30 p.m. (*United States v. John J. Sullivan*, 2:10-mj003447-LOA, doc.

7) Because Sullivan's appearance is required, as opposed to voluntary, permitting service of process will not undermine the policy of encouraging voluntary attendance at court proceedings and, if accomplished immediately after the court hearing, will not interfere, delay or interrupt the detention and identification hearings. Additionally, as Plaintiff argues in her motion, in view of the pending criminal charges in the Northern District of Illinois, there is a real possibility that if Sullivan is released from custody or transferred in custody to Illinois, Plaintiff's ability to serve Sullivan would be frustrated, delayed and likely more expensive if service is accomplished. Federal Rule of Civil Procedure 1's encouragement of "the just, speedy, and inexpensive determination of every action and proceeding" supports permitting service of process on Sullivan during the proceeding before this Court.

In summary, because Sullivan's appearance before this Court is required, as opposed to voluntary, the Court finds that he is not entitled to process immunity. This conclusion is consistent with the Supreme Court's directive that "[t]he [process-immunity] privilege should not be enlarged beyond the reason upon which it is founded, and . . . should be extended or withheld only as judicial necessities require." *Lamb*, 285 U.S. at 225. The Court makes clear, however, that due to the gravity of the allegations in Plaintiff's Complaint, the apparent transient nature of Sullivan, and Sullivan's likely transfer to Illinois in or out of custody, exceptional circumstances warrant granting Plaintiff's Motion. Clearly, a federal courtroom is not the usual forum for federal or state service of process.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Service of Process is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall serve process on Sullivan immediately after the conclusion of today's court hearing so as not interfere, delay or interrupt the detention and identification hearing.

Dated this 28th day of October, 2010.

Lawrence O. Anderson
U. S. Magistrate Judge